USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/13

# TROY LAW, PLLC

### ATTORNEYS/COUNSELORS AT LAW

Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

September 5, 2013

*Via e-mail: Abrams_NYSDChambers@nysd.uscourts.gov*

The Hon. Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: **JOINT STATUS LETTER**
     *Lobsang v. Sate Restaurant Inc. et al* **13-cv-04477-RA**

Dear Judge Abrams:

  This office represents, Lobsang (the "Plaintiff"), in the above-referenced-matter. The defendants, Sate Restaurant Inc. d/b/a Mangez Avec Moi and Nikone Ongkeo (collectively the "Defendants") are represented by Robert J. Mastrogiacomo. As per your Order for a Joint Status Letter issued on July 3, 2013, this letter is submitted on behalf of both parties and with the consent of Mr. Mastrogiacomo.

  This matter is a Fair Labor Standards Act and New York Labor Law action. Plaintiff alleges pursuant to FLSA, 29 U.S.C. §201 *et seq.* that he is entitled to recover from Defendants: unpaid overtime wages, liquidated damages and attorney's fees and costs. Plaintiff further alleges pursuant to NYLL §650 *et seq.* and New York Codes, Rules and Regulations Part 146 that he is entitled to recover from the Defendants: unpaid overtime wages, unpaid spread of hours payments for each day he worked ten or more hours, liquidated damages and attorney's fees and costs.

  Defendants contend, *inter alia*, that this Court lacks federal subject matter jurisdiction. Specifically, Defendants assert that the Plaintiff is not an employee engaged in commerce or in the production of goods for commerce as required by the FLSA, and as a consequence, Plaintiff's employment is exempt from coverage under that statute. Moreover, the Defendants contend that they are not an enterprise engaged in commerce as defined by the FLSA, thereby further precluding Plaintiff from relief under the statute. Defendants further assert that in light of the lack of federal jurisdiction, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. §1367, with respect to Plaintiff's state law claims.

  Plaintiff asserts that this Court has original federal question jurisdiction under 28 U.S.C. §1331 because this case is brought under the FLSA 29 U.S.C. §201, *et seq*. Plaintiff further asserts that this Court has supplemental jurisdiction over the NYLL claims, as they are so related

The Hon. Ronnie Abrams, U.S.D.J.
September 6, 2013
Page 2

in this action within such original jurisdiction that they form part of the same case or controversy. Plaintiff maintains that venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c), because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District. Defendant Sate Restaurant Inc., c/o Mangez Avec Moi is incorporated in the State of New York, with the principal place of business at 71-73 West Broadway, New York, NY 10007. For the reasons set forth above, the Defendants contend that the Court lack subject matter jurisdiction on the Plaintiff's federal claims and that the exercise of supplemental jurisdiction by the Court with regard to Plaintiff's state law claims is improper.

Defendants contemplate moving pursuant to F.R.C.P. Rule 56 for an Order granting summary judgment and dismissing Plaintiff's complaint in its entirety for lack of federal subject matter jurisdiction.

As of September 6, 2013 no discovery has taken place.

To date, Plaintiff has conferred with Defendants' counsel, Mr. Mastrogiacomo regarding settling this matter. On September 5, 2013, Plaintiff submitted a demand for full compensatory damages and liquidated damages, this was rejected. However, Plaintiff is willing and receptive to continue to negotiate settlement.

The parties believe that the estimated time necessary to try this case would be three (3) days.

                                          Respectfully submitted,
                                          JOHN TROY of TROY LAW, PLLC

                                          _/s/ John Troy_
                                          John Troy, Esq.
                                          *Attorney for Plaintiff*

JT/cc

Cc: Robert J. Mastrogiacomo (*Attorney for Defendants*) r_mastrogiacomo@msn.com